**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

**TAMMY V.,**[1]

Plaintiff,

v.

**COMISSIONER OF SOCIAL SECURITY,**

Defendant.

No. 6:18-CV-01411-MC

**OPINION AND ORDER**

---

**MCSHANE, Judge**:

Plaintiff, Tammy V., brings this action for judicial review of the Commissioner of Social Security's decision denying her application for Supplemental Security Income and Disability Insurance Benefits. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). On September 18, 2014, Plaintiff filed an application for Supplemental Security Income and Disability Insurance Benefits. After a hearing, an Administrative Law Judge determined that Plaintiff was not disabled under the Social Security Act. Plaintiff now contends that the Administrative Law Judge erred in (1) discounting her subjective symptom testimony with respect to both her lower back and psychological impairments, and (2) assigning little weight to the opinion of examining psychologist William Trueblood, Ph.D. Because the Commissioner of Social Security's decision is based on proper legal standards and supported by substantial evidence, it is AFFIRMED.

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members or personal relations of that party.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner of Social Security ("Commissioner") if her decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the decision of the Administrative Law Judge ("ALJ"). *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies her burden with respect to the first four steps, the burden then shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's Residual Functional Capacity ("RFC"), age, education, and work experience. *Id.*

In the present case, the ALJ found that Plaintiff was not disabled. She first determined that Plaintiff remained insured for Disability Insurance Benefits ("DIB") until September 30, 2019. Tr.

15.[2] Next, at step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2014, the alleged onset date of disability. Tr. 15. At step two, the ALJ determined that Plaintiff had the following severe impairments: morbid obesity; hypertension; mild degenerative changes of the lumbar spine; persistent depressive disorder; social anxiety disorder; rule out borderline intellectual functioning versus mild intellectual disability; and rule out diagnoses of paranoid personality disorder and post-traumatic stress disorder. Tr. 15.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16. Before moving to step four, the ALJ found that Plaintiff had the RFC to perform a range of sedentary work as defined in 20 C.F.R. 404.1567(a), except that Plaintiff: can occasionally climb; can frequently balance, stoop, kneel, crouch, or crawl; and must avoid concentrated exposure to extreme cold, pulmonary irritants, and workplace hazards. Tr. 19. Specifically, the ALJ found that Plaintiff was limited to simple, routine, repetitive work tasks involving no more than occasional contact with co-workers or the general public. Tr. 19.

At step four, relying on the testimony of a Vocational Expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work as a cleaner/housekeeper, packager, or punch press operator. Tr. 21. Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff was capable of performing jobs existing in significant numbers in the national economy, including escort vehicle driver and assembler of small products. Tr. 22. Having made this determination, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and did not qualify for benefits.

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

Plaintiff challenges the ALJ's non-disability determination on two grounds. First, she argues that the ALJ failed to provide clear and convincing reasons supported by substantial evidence for discrediting her symptom testimony. Pl.'s Br. 3-4. Second, Plaintiff argues that the ALJ improperly rejected the opinion of examining psychologist William Trueblood, Ph.D. Pl.'s Br. 7. The Court addresses each objection in turn.[3]

I. Subjective Symptom Testimony.

Plaintiff first argues that the ALJ failed to provide clear and convincing reasons for discrediting her symptom testimony. An ALJ may only reject testimony regarding the severity of a claimant's symptoms if she offers "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ, however, is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). In assessing credibility, the ALJ "may consider a range of factors." *Ghanim v. Colvin*, 763 F.3d 11554, 1163 (9th Cir. 2014). These factors include "ordinary techniques of credibility evaluation," as well as a plaintiff's daily activities, objective medical evidence, treatment history, and inconsistencies in testimony. *Id*. An

[3] Plaintiff also argues that she was improperly denied a supplemental hearing before the ALJ. Pl.'s Br. 6. On March 28, 2017, the ALJ sent a letter to Plaintiff's attorney indicating that she had "secured additional evidence" and offering Plaintiff a supplemental hearing. Tr. 227-28. In her letter, the ALJ further stated that, if the she did not "receive a response from [Plaintiff] within 10 days of the date [Plaintiff] receive[s] this notice, I will assume that you do not you do not wish to submit any written statement or records *and that you do not wish to request a supplemental hearing*." Tr. 227 (emphasis added). In a letter dated April 10, 2017, Plaintiff's attorney responded that "[w]e are in receipt of your proffer of exhibits" and "do not object top entry of this evidence in the record." Tr. 230. The attorney went on to request that "great weight" be given to the new evidence but never requested a supplemental hearing or made any statement which could reasonably be interpreted as conveying the expectation that there would be a supplemental hearing. Tr. 230. Plaintiff's argument to the contrary is without any basis in law or fact.

ALJ may also consider the effectiveness of a course of treatment and any failure to seek further treatment. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996); *Molina*, 674 F.3d at 1113.

Plaintiff testified in relevant part that she is unable to sustain fulltime employment because of lower back pain and difficulties controlling her emotions due to depression and anxiety. Tr. 19, 46-49, 163, 169. The ALJ, in considering Plaintiff's testimony about pain and discomfort in her lower back, concluded that Plaintiff's "inability to work without some pain and discomfort . . . does not necessarily satisfy the test for disability under the provisions of the [Social Security] Act." Tr. 20. The ALJ correctly noted inconsistencies between the medical evidence of record and the level of severe and debilitating pain described by Plaintiff. *See* tr. 20, 223, 257, 333, 356, 358. Despite these inconsistencies, and because Plaintiff had no treatment records for the prior year, the ALJ nevertheless referred Plaintiff for separate physical and psychological exams to gain "an idea of [her] functioning." Tr. 20. As the ALJ noted, however, the doctor conducting Plaintiff's physical exam "concluded that [her] back pain would not reasonably stop her from working, and that her history of subjective complaints was 'suggestive of symptom amplification.'" Tr. 21. The ALJ also concluded that the doctor's "findings suggest [Plaintiff] retains significant physical functioning" and noted in particular that Plaintiff had recently traveled cross-country to care for her father. Tr. 21. Although the evidence may be susceptible to more than one rational interpretation, it is not this Court's place to substitute its own judgment for that of the ALJ where, as here, she has offered valid reasons supported by substantial evidence. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that long-distance travel to care for an ailing family member is a clear and convincing reason to discount symptom testimony about back pain).

The ALJ likewise found Plaintiff's testimony regarding the intensity of her anxiety and depression to be inconsistent with the medical evidence of record. Just prior to submission of the present claim, "[Plaintiff's] treatment provider observed that [she] presented as fully oriented, with 'normal' mood, affect, behavior, judgment, and thought content . . . [and] exhibited no apparent distress." Tr. 20. Similarly, at a follow-up appointment in October 2014, the same provider noted that Plaintiff reported an "improvement in her mood" and that her "depression and anxiety appear[] to be remitted." Tr. 324-25. Plaintiff also sought counseling through the Health Services Department of Deschutes County in August 2014, and by the time she completed the program in October 2015, she had "decreased her Beck depression score from a 19 to a 9, . . . report[ed] improvement on her self esteem, . . . [and planned to] move towards volunteer work with the senior center." Tr. 394-95. Finally, the ALJ relied upon the opinions of the reviewing medical and psychological consultants, who concluded that there was no objective medical evidence to substantiate Plaintiff's claims about "the intensity, persistence, and functionally limiting effects of [her] symptoms." Tr. 62, 74. Although the ALJ acknowledged that the Plaintiff may experience some level of pain and discomfort, she permissibly found that the weight of objective medical evidence undermined the alleged intensity of her anxiety and depression. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Finally, the ALJ also rejected Plaintiff's physical and psychological symptom testimony as inconsistent with her activities of daily living and self-reported abilities. Tr. 17, 20. She noted, for instance, that Plaintiff indicated that she was "good" at following written instructions if she fully understood them. Tr. 17, 174. Plaintiff also indicated, and the ALJ noted, that she could independently engage in activities requiring interaction with the public, such as grocery shopping

and going to the pharmacy and could generally "finish what she starts" if the task was "interesting," completed over a "period of time," or without interruption. Tr. 17, 172, 174. Finally, the ALJ opined that the Plaintiff could adapt and manage herself, highlighting her stated ability to "perform household chores, including cooking, cleaning, vacuuming, mopping, yard work, gardening, and even some craftwork," as well as independently venturing outdoors and driving a car. Tr. 17, 172, 410. Taken together, the ALJ offered clear and convincing reasons, each supported by substantial evidence, for discounting Plaintiff's symptom testimony.

II. Medical Source Opinions.

Plaintiff next alleges that the ALJ improperly rejected the medical source opinion of examining psychologist Dr. Trueblood. Pl.'s Br. 8-9. At the most general level, "[t]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, she must reasonably account for the limitations described in a medical source opinion or "explicitly reject" the opinion based on "specific [and] legitimate reasons." *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Despite this burden, an ALJ is not required to interpret a medical source opinion in the light most favorable to the claimant. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). To that end, when evaluating a medical source opinion, an ALJ may validly reject the opinion based on inconsistencies between the medical source's chart notes and her ultimate opinion. *See Ghanim*, 763 F.3d at 1161 (citations omitted). Similarly, inconsistencies between the medical source's opinion and the plaintiff's daily activities may also "constitute a specific and legitimate reason to discount that opinion." *Id.* at 1162. An ALJ errs by rejecting or assigning minimal weight

to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

Here, the ALJ reasonably found that Dr. Trueblood's opinion was internally inconsistent. The ALJ noted that, despite assessing marked or extreme limitations on Plaintiff's ability to interact with or respond appropriately to others, Dr. Trueblood had found Plaintiff to be "pleasant" and rated her "[c]ooperation" and [m]otivation" as "good." Tr. 21, 410. The ALJ also pointed to Dr. Trueblood's acknowledgment that Plaintiff had maintained "jobs for many years" and that this fact weighed against his finding that she would have marked or extreme difficulties in work-place interactions. Tr. 21, 412. Although Dr. Trueblood further assessed marked or extreme limitations in cognitive functioning, he likewise undermined those findings by noting that Plaintiff expressed herself in a "coherent, logical, and goal-directed" manner and by opining that his findings were "only tentative impressions" because "only a cognitive screening was conducted." Tr. 20, 411. In fact, most of Dr. Trueblood's conclusions were framed as "tentative" and, as the ALJ highlighted, subject to receipt of more complete information. Tr. 20, 412; *cf. also Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015) (holding that, to the extent a medical source opinion includes both "recommendations" and "specific imperatives," the ALJ may ignore the recommendations in favor of the imperatives). The ALJ appropriately credited those portions of Dr. Trueblood's opinion which were internally consistent (i.e., by limiting Plaintiff to work that was "unskilled" and required "limit[ed] social interaction"), tr. 21, and discounted those portions which were internally inconsistent or called into doubt by Dr. Trueblood himself.

The ALJ also reasonably concluded that Dr. Trueblood's opinion was inconsistent with Plaintiff's work history and activities of daily living. As Dr. Trueblood stated in his report,

Plaintiff's daily activities included, among other things, yard work, word games, cleaning, cooking, laundry, dish washing, craft projects, research, building and repair projects with her boyfriend, and paying bills. Tr. 410. These activities, the ALJ explained, demonstrated that Plaintiff was "generally independent" and, when considered with the other daily activities discussed in Part I, undermined Dr. Trueblood's dire assessment of Plaintiff's cognitive and social abilities. Tr. 20. The ALJ also emphasized that Dr. Trueblood's assessed limitations "failed to adequately account" for Plaintiff's work history, including "a 17-year stint in a factory setting between 1989 and 2006" and a "four-year resort housekeeping job." Tr. 21. These highlighted inconsistencies between Dr. Trueblood's opinion and Plaintiff's activities of daily living—both as reflected in the report and in other portions of the record—are supported by substantial evidence and amounted to specific and legitimate reasons for discounting the opinion.

Finally, based on the foregoing, the ALJ permissibly assigned greater weight to the opinions of Plaintiff's treating medical sources. The opinion of a treating medical source should generally receive greater weight than that of an examining or reviewing medical source. *Lester v. Charter*, 81 F.3d 821, 830 (9th Cir. 1995). As discussed in Part I, the ALJ cited to Plaintiff's treatment records, including provider notes contained therein, when formulating the RFC. Tr. 20. Plaintiff, for example, received ongoing psychological treatment through the Health Services Department of Deschutes County. Tr. 363-95. Those records include weekly reports that detail Plaintiff's ability to reduce her depressive symptoms through treatment and were properly given greater weight than the opinion of Dr. Trueblood. The ALJ also cited statements from the reviewing physicians who, contrary to Dr. Trueblood's opinion, found that Plaintiff's anxiety and depression would impose only insignificant to moderate limitations on her workplace interactions. Tr. 20, 63-64, 76-77; *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (quotations and citation omitted) (stating that the opinion of a non-examining source "may

serve as substantial evidence" in discounting the opinion of an examining source if it is "supported by other evidence in the record and [is] consistent with it"). Because the ALJ reasonably concluded that Dr. Trueblood's opinion was both internally inconsistent and inconsistent with the medical and other evidence of record, he properly assigned it little weight.

## CONCLUSION

For the foregoing reasons, the ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 28th day of June, 2019.

/s/ Michael J. McShane________
Michael J. McShane
United States District Judge